MARGARET E. POTEAT v. SHELIA ROBINSON, ADMINISTRATRIX FOR THE ESTATE OF HUBRA BEDFORD LEA

No. 8817SC66

(Filed 19 July 1988)

**Executors and Administrators § 19.2— illegitimate child's claim on estate—claim denied—time for filing action**

The trial court erred in dismissing plaintiff's action claiming a share in decedent's estate on the ground that it was barred by N.C.G.S. § 28A-19-16 because it was filed more than three months after the claim had been rejected by decedent's personal representative, since that statute applies only to creditor's claims against an estate and not to the interests of heirs.

APPEAL by plaintiff from *Lewis, John B., Jr., Judge.* Order entered 24 August 1987 in CASWELL County Superior Court. Heard in the Court of Appeals 1 June 1988.

The plaintiff, Margaret E. Poteat, brought this action on 22 December 1986 for a share in the estate of Hubra Bedford Lea, deceased. In her complaint, plaintiff alleged that she was born illegitimately on 19 December 1949, that on or about 20 February 1950, Lea was adjudged the father of plaintiff, and that pursuant to the provisions of N.C. Gen. Stat. § 29-19, she is entitled to share in Lea's estate. The defendant, Shelia Robinson, answered in apt time and moved to dismiss on the ground, *inter alia*, that plaintiff's right to recovery is barred by the applicable statute of limitations. The trial court concluded that plaintiff's action is

barred by N.C. Gen. Stat. § 28A-19-16 and granted defendant's motion to dismiss. The plaintiff appealed.

*Dawson, Watkins & Hardy, by Christopher T. Watkins, for plaintiff-appellant.*

*W. Osmond Smith, III for defendant-appellee.*

WELLS, Judge.

The sole question presented by this appeal is whether G.S. § 28A-19-16 is applicable to plaintiff's action.

On 24 June 1983 Hubra Bedford Lea died intestate, and Shelia Robinson, defendant herein, was appointed the administratrix of his estate. The plaintiff wrote a letter to defendant's agent within six months after the date of first publication of notice to creditors stating that she was an heir of the deceased and wished to share in the distribution of his estate. By written letter dated and mailed to plaintiff on 31 July 1984 the defendant, by her agent, rejected plaintiff's claim. In its order dismissing plaintiff's claim the trial court concluded that since the plaintiff did not commence an action until 22 December 1986, a date more than three months after written notice of rejection had been communicated, G.S. § 28A-19-16 applies and bars plaintiff's claim.

G.S. § 28A-19-16 provides as follows:

> *Disputed claim not referred barred in three months.* If a claim is presented to and rejected by the personal representative or collector, and not referred as provided in G.S. 28A-19-15, the claimant must, within three months, after due notice in writing of such rejection, or after some part of the claim becomes due, commence an action for the recovery thereof, or be forever barred from maintaining an action thereon.

Plaintiff contends that G.S. § 28A-19-16 applies to creditors' claims against an estate and not to the interests of heirs. We agree. The cases construing article 19 of chapter 28A involve actions by creditors to recover debts. Moreover, N.C. Gen. Stat. § 28A-19-3(h) expressly provides that the word "claim" as used in article 19 "does not apply to claims of heirs or devisees to their respective shares or interests in the decedent's estate in their

capacity as such heirs or devisees." Thus, it was error for the trial court to dismiss plaintiff's claim on the basis that it was barred by G.S. § 28A-19-16.

For the reasons stated the judgment of the trial court must be and is

Reversed.

Judges BECTON and PHILLIPS concur.